PALM BEACH COMPANY, a corporation, *Appellant,* v. BULA E. CROKER, et al., *Appellees.*

146 So. 230.

En Banc.

Opinion filed February 14, 1933.

*Robert H. Anderson* and *Clark & Ellis,* for Appellant;

*Fancher, Paty & Warwick,* for Appellees.

*Treadwell & Treadwell, John B. Singeltary* and *Wideman, Wideman & Wardlow,* as *amici curiae.*

BUFORD, J.—This case has been before the Court in different aspects on two former occasions. See Croker v. Palm Beach Estates, 94 Fla. 171, 114 Sou. 225, and Palm Beach Estates, et al., v. Croker, filed August 31, 1932, reported 143 Sou. 792.

It appears that there is nothing to be gained by further stating the questions presented by the former appeals.

On the 31st day of October, 1932, Bula E. Croker filed in the court below her voluntary acceptance in the following language:

"To The Honorable C. E. Chillingworth, Judge of Said Court and The Honorable Fred E. Fenno, Clerk Thereof:

"Your petitioner, Bula E. Croker, hereby voluntarily agrees to specifically perform the covenants, agreements and stipulations upon her part undertaken to be done and performed by the provisions of the contract of July 12, 1920, for the benefit of Palm Beach Estates, a corporation, and J. B. McDonald, and your Petitioner, hereby voluntarily accepts and agrees to accept the Five Hundred Twenty-nine Thousand Four Hundred Sixty-six Dollars ($529,466.00) paid to the Clerk of this Court or into the registry of this Court, or so much thereof as now remains, as part payment, and the other monies to be paid and the notes and mortgage tendered as fixed, directed and decreed by the opinion of the Supreme Court herein and as will be fixed and decreed by this Court in accordance therewith by its modified and final decree.

"Petitioner voluntarily agrees for this Court to enter its final, modified decree as above stated; that said Palm Beach Estates be decreed to be the absolute and indefeasible owner of the lands described in the Counter-Claim, in fee simple, forever free, exonerated and discharged from any and all liens, claims and demands, right, title and/or interest of your Petitioner, Bula E. Croker, and of all persons claiming by, through or under her in or to said lands or any part or portion thereof except the purchase money mortgage from defendants to your Petitioner, complainant, herein.

"And your Petitioner prays that the Clerk of this Court pay to her the monies now in his hands as aforesaid or in the registry of this Court and that the Court direct all things to be done in the premises that are meet and proper by virtue of this Acceptance and Petition and of the opinion and decree of the Supreme Court of Florida and the mandate thereof now on file in this Court.

"BULA E. CROKER,

"Petitioner and Complainant."

(The Mandate of this Court having been filed in the office of the Clerk of the Circuit on the 28th day of October, 1932.)

On the 14th of November, 1932, Palm Beach Company filed a bill of intervention in which the Palm Beach Company claimed title to the money in the registry of the Court. The prayer of the bill for intervention was as follows:

"1.   That the parties to this suit, and all interveners herein, may be required to answer this Intervention, but not under oath, answer under oath being expressly waived.

"2.   That, on final hearing, your Honor will be pleased to decree that the Intervener, the Palm Beach Company, is entitled to receive the said deposit of $321,000.00 now in the hands of the Clerk of this Court, and that its right thereto is prior and superior to that of each and every other person, firm or corporation whatsoever, and direct the said Clerk to pay the same to the said intervener.

"3.   That the Clerk of this Court, pending final hearing on this Intervention, be directed not to pay the said deposits, nor any part thereof, to any person, firm or corporation whatsoever; and, if necessary, that he be temporarily enjoined from doing so pending the final hearing on this Intervention.

"4. That a Receiver be appointed to take, receive and hold the said deposit pending the final hearing on this Intervention.

"5. That this Intervention, and all other interventions. that may be filed herein, be consolidated with the main suit of Bula E. Croker v. J. B. McDonald and Palm Beach Estates and heard and considered together."

Palm Beach Company claimed title to the funds in the registry of the Court under a certain so-called assignment dated October 9th, 1924, which, after reciting that the Palm Beach Company had loaned Palm Beach Estates the sum of $529,446.00 in cash and that Palm Beach Estates had tendered the said sum in court in a certain suit pending in the Circuit Court of the Fifteenth Judicial Circuit of Florida in and for Palm Beach County, wherein Bula Croker is the complainant and Palm Beach Estates and J. B. McDonald are defendants for the use and benefit of said complainant Bula E. Croker, was as follows:

"For value received, the undersigned hereby transfers, sets over and assigns and delivers unto Palm Beach Company, a corporation, upon the happening of the contingency hereinafter named, the sum of $529,466.00 mentioned in said receipt and hereby directs the Clerk of the Circuit Court of Palm Beach County, Florida, to pay said sum to said Palm inafter named, the sum of $529,466.00 mentioned in said receipt has ruled that Bula Croker cannot be required to accept said sum and such ruling has been affirmed on appeal or the appeal dismissed.

"PALM BEACH ESTATES,

"By J. P. McDONALD,

"Vice-president."

"Attest: E. B. ANTONY,
   Secretary.
(Seal of Palm Peach Estates)."

Petitioners also rely in part on an agreement made and entered into on the 9th day of October, 1924, the pertinent provisions of which were as follows:

"Now, THEREFORE, THIS INDENTURE WITNESSETH, That the Palm Beach Estates for and in consideration of such sum of Five Hundred Twenty-nine Thousand Four Hundred Sixty-six Dollars ($529,466.00) the receipt whereof is hereby acknowledged, does hereby covenant, promise and agree to and with the Palm Beach Company, as follows:

"In the event the defendants are successful in the above styled suit, by reason of the voluntary acceptance by the said Bula Croker of said sum so tendered, or said Bula Croker shall be required by decree of Court to accept said sum, or otherwise, then and in that event, immediately upon final settlement of the controversy with the said Bula Croker, the Palm Beach Estates covenants, promises and agrees to execute and deliver to the Palm Beach Company its promissory note, dated the day of settlement with Bula Croker, in the sum of Five Hundred Twenty-nine Thousand, Four Hundred Sixty-six Dollars ($529,466.00) payable to the order of the Palm Beach Company three years after the date of termination of said suit, or settlement thereof, at the office of said Palm Beach Company, at 787 Fifth Avenue, New York City, together with interest from date of note at the rate of six per cent. per annum, payable semi-annually, deferred interest payments to bear interest from maturity at six per cent. per annum, and as security for the payment of said note and said principal and interest, at the same time to execute and deliver to the Palm Beach Company its mortgage deed encumbering the following described land, situate in Palm Beach County, Florida:"

(Then follows a description of the lands.)

And then follows the further agreement:

"Subject, however, to the lien of the first mortgage from the Palm Beach Estates to Bula Croker, described in the answer of Palm Beach Estates, and tendered at the time of filing the said answer, on October 15, 1924, executed to secure the payment of the balance of the purchase price of the above described lands; it being distinctly understood and agreed that the mortgage herein provided for from the Palm Beach Estates to the Palm Beach Company shall be executed only if and when the Palm Beach Estates is finally successful in the above described litigation, by the acceptance by the said Bula Croker of the sum so tendered, or by final decree of Court, and determination of any appeal, or otherwise, and that said mortgage herein provided to be executed by the Palm Beach Estates to the Palm Beach Company shall in nowise affect, impair or alter the lien and security of the purchase money mortgage from the Palm Beach Estates to the said Bula Croker.

"In the event the defendants are unsuccessful in the above described litigation, then and in that event the said sum of $529,466.00 tendered in Court in said suit, shall be returned to the Palm Beach Company, and for such purpose, in Palm Beach Estates, if and when the said Bula Croker is successful in said litigation, does hereby assign, transfer and set over to the said Palm Beach Company, all of the right, title and interest of said Palm Beach Estates in and to the sum so tendered, and this instrument shall operate as authority for the Court and the Clerk thereof to return said sum of $529,466.00 to the said Palm Beach Company, and this instrument and the receipt of the Palm Beach Company for said $529,466.00 shall operate as a full discharge and release of said Court and the Clerk thereof, of all responsibility for said sum so tendered by the defendant, Palm Beach Estates. The Palm Beach Estates further covenants and agrees that in the event of the return to the Palm Beach Company of

the funds so tendered, as herein provided, that there shall be no deduction for court costs, or other legal expense in connection with said litigation, all such court costs and expenses to be paid by the Palm Beach Estates, or the individual stockholders thereof."

On December 14, 1932, an amended petition for leave to interevene was filed and thereupon an amended petition of intervention was filed, claiming title to the fund as heretofore stated. Objections to amended petition for leave to intervene were filed, the grounds of objections being as follows:

"The proposed Amended Bill of Intervention, the Exhibits thereto and the record in this cause show that said Palm Beach Company has no interest in and is not entitled to the said sum of $529,466.00, or any part thereof heretofore paid into the Registry of the Court as a tender pursuant to the contract of July 12, 1920, between Richard Croker and Bula Croker of the one part, and J. B. McDonald of the other part."

The Petition of Intervention was denied and from that order appeal was taken.

Voluminous briefs have been filed by able counsel on both sides of this controversy.

The record discloses that the modified final decree, amongst other things provided:

"Pursuant to the provisions of said opinion and decision of the Supreme Court of Florida, the said defendants are directed to forthwith execute five (5) certain promissory notes, each dated the 21st day of August, 1929, signed by the said defendants, Palm Beach Estates, a corporation, and J. B. McDonald, each in the sum of Two Hundred Eleven Thousand, Seven Hundred Eighty-six and 40/100 Dollars ($211,786.40) and payable respectively one (1), two (2),

three (3), four (4) and five (5) years after said date of August 21, 1929, together with mortgage duly signed by said defendants, as security for the payment of said notes, as provided in the said contract of July 12, 1920, between the complainant and her husband and the said J. B. McDonald and by the terms of said opinion and decision of the Supreme Court of Florida. Simultaneously with the payment by the defendants to the Clerk for the use and benefit of the complainant of the cash sums as above set forth in the last foregoing paragraph, the defendants will deliver to the Clerk for the use and benefit of the complainant the said mortgage herein directed to be executed to secure said notes as aforesaid, together with said notes numbered four (4) and five (5) each in the sum of Two Hundred Eleven Thousand, Seven Hundred Eighty-six and 40/100 Dollars ($211,786.40) and to mature on the 21st day of August, 1933, and on the 21st day of August, 1934; said delivery by the defendants to the complainant of said two notes and mortgage will be made at the office of the Clerk of the Circuit Court of Palm Beach County, Florida, pursuant to this decree, simultaneously with the payment by the defendants to the Clerk for the use and benefit of complainant of the cash sums herein set forth in the last preceding paragraph;"

And further provided:

"The aggregate of the sums above recited having been paid and the notes and mortgage executed and delivered pursuant to the terms of this decree, then the defendant Palm Beach Estates, a corporation, is ordered, adjudged and decreed to be the absolute and indefeasible owner of the lands herein described, in fee simple, forever freed, exonerated and discharged from any and all liens, claims, demands, right, title and/or interest of the complainant Bula E. Croker, and of all persons claiming by, through or under

her in and to the said lands, or any part or portion thereof, except the interest of complainant under the said notes numbered four (4) and five (5) each dated the 21st day of August, 1929, and payable respectively four (4) and five (5) years after said date in the sum of Two Hundred Eleven Thousand, Seven Hundred Eighty-six and 40/100 Dollars, ($211,786.40), and the mortgage to secure the same.

"Upon payment of the aggregate of said sums above set forth and the delivery and execution of the notes and mortgage pursuant to the terms of this decree, then the complainant Bula E. Croker, and all persons claiming by, through or under her, are forever enjoined, restrained and debarred from asserting, either at law or in equity, any claim of any sort or nature in, to or against the lands hereinbefore described, or any portion thereof, adverse to these defendants, and/or all parties claiming by, through or under them, save and except the rights of said complainant under said notes numbered four (4) and five (5), and the mortgage securing the same."

The decree provided further:

"In the event defendants J. B. McDonald and Palm Beach Estates fail to pay the complainant, Bula E. Croker, the aggregate of the foregoing sums provided by the fourth (4th) paragraph of this decree in sub-paragraphs (a) to (p), both inclusive, and fail to deliver to the complainant the said notes and mortgage as hereinbefore provided, all according to the provisions of this decree, then and in such event the counter claim of defendants shall stand dismissed, the said contract of July 12, 1920, between complainant and her husband and J. B. McDonald shall be terminated, and the two several deeds dated July 12, 1920, between complainant and her husband and J. B. McDonald recorded respectively in the Palm Beach County Records, in Deed Book 142, at page 108, and in Deed Book 142 at page 109, and the deed

dated October 30, 1920, from complainant and her husband to said J. B. McDonald recorded in Deed Book 146, at page 212, of the Palm Beach County public records, shall be cancelled, and all costs of this suit shall be taxed against defendants, J. B. McDonald and Palm Beach Estates, in favor of complainant, for which let execution issue."

It appears to us that other portions of the decree are not essential to the determination of the question as to whether or not the petitioner showed itself to be entitled to the relief prayed.

Palm Beach Estates is claiming no right now to the return of the funds in the registry of the Court. That corporation came into court claiming the right to affirmative relief by way of a decree for specific performance of a contract and as a condition upon which it based its right it tendered a certain sum of money into court for the use and benefit of Mrs. Croker. It borrowed that money from another corporation with the understanding and agreement, as heretofore shown, that if it failed in its suit for specific performance it would return the money to the lender and if it succeeded it would give its notes, secured by a mortgage, for that money. That the lender made an improvident contract was no fault of Mrs. Croker's.

Much has been said here concerning the rights and obligations existing as between Palm Beach Estates and Palm Beach Company, none of which matters are before this Court for adjudication. Neither are we called upon by the case presented here to determine whether or not the modified decree conforms to the requirements of the mandate of this Court as handed down on the former appeal.

The sole question presented here is whether or not the petitioner by either the original or the amended petition for Intervention showed such title or lien upon the fund claimed as to entitle it to the right of intervention in this

suit seeking a decree adjudicating the fund to belong to the petitioner.

The record shows that Bula Croker filed a suit to cancel a certain contract or option for the sale of certain real estate. The defendants, Palm Beach Estates and J. B. McDonald, answered and filed a counter-claim in which it was contended that the option was valid, in full force and effect and that the defendants, counter-claimants, were entitled to exercise the option which they then and there offered to exercise and with which offer was tendered into Court in cash a large sum of money representing the agreed, initial payment. That money was procured as a loan from Palm Beach Company and upon its being deposited Palm Beach Estates made the conditional assignment thereof hereinabove quoted. After many years of litigation final decree was entered holding the equities to be with the counter-claimants and enforcing the option contract. That decree was ordered modified in some respects by this Court in the former appeal, *supra,* and after the modification was entered by the chancellor purporting to conform to the mandate of this Court, Palm Beach Estates gave notice as required by the decree and it would comply with the decree provided Palm Beach Company carried out its alleged contract with Palm Beach Estates to furnish the balance of the cash necessary to complete the payment then required to be made by the decree. Mrs. Croker accepted tender of the money in the registry of the Court, together with the other terms of the decree.

Palm Beach Estates and J. B. McDonald prevailed in their counterclaim and procured a decree granting in full the relief prayed, but failed to complete the transaction and exercise the option as it was decreed they should do.

So it is that none of the conditions transpired under which the assignment of the fund in the hands of the court became

effective. There was no assignment unless the conditions precedent occurred and as the record shows that the conditions precedent did not occur Palm Beach Company showed no title to or lien against the fund in the registry of the court. The justiciable questions as to the rights between Palm Beach Company and Palm Beach Estates are not matters in which Mrs. Croker is concerned.

Much has been said in the briefs and argument about whether or not the fund in the registry of the court could be decreed to Mrs. Croker in compensation for damages. Such question is not included in those presented by this appeal and, therefore, argument on this point and authorities cited pro and con are not applicable to this case.

The question of proper distribution of the fund is not before us. The record shows that both the original complainant and the defendants and counter-claimants are satisfied with the final modified decree as entered and no appeal has been taken therefrom.

The petition and amended petition for intervention having failed to show any title in or any lien upon the fund to be held by the petitioner, the Order of the Chancellor denying the petition was without error and is, therefore, affirmed. On the filing of the mandate herein in the lower court, the stay order made by this Court on January, 11, 1933, shall stand vacated.

DAVIS, C. J., and WHITFIELD, and TERRELL, J. J., concur.

BROWN, J., disqualified.

ELLIS, J., *absent* because of illness.