GEORGE SYDNEY ROBARTS *et al., Appellants,* v. ANNA M. CORAM *et al., Appellees.*

Opinion Filed Aug. 11, 1916.

In the absence of some special equity the County Judge's Court, not the Circuit Court, has original jurisdiction over contests of wills.

Appeal from Circuit Court, Columbia County; M. F. Horne, Judge.

Order overruling demurrer reversed.

*A. J. Henry,* for Appellants;

*Palmer & Palmer,* for Appellees.

WHITFIELD, J.—An original bill of complaint was filed by the appellees alleging in effect that the will of W. G. Niblack, in which the parties are devisees and legatees, had been probated in the probate court of the county and letters testamentary issued thereon; that the testator was at the time of the execution of the will, not of sound and disposing mind, but was "in his dotage, and his mind and memory were so impaired as to render him wholly incapable of making any just and proper disposition of his estate;" that the testator in making the will was "under improper restraint and undue influence from the acts and fraudulent practices of" named persons. The

prayer is that the will and the probate thereof be set aside and declared null and void, and that the estate of said W. G. Niblack be "distributed among his heirs according to law." A demurrer to the bill of complaint was overruled and the defendants appealed.

The statute makes specific provision for the contest of a will in the probate court of the county judge, which court under the Constitution has jurisdiction of such matters, and the constitution and statutes authorize appeals in such proceedings, to the Circuit Courts and from the Circuit Courts to the Supreme Court. Under the constitution the Circuit Courts have "supervision and appellate jurisdiction" in probate proceedings, subject to the appellate, * * * the Supreme Court. The statute provides that the probate of wills, so far as concerns any personal estate, shall be conclusive as to the validity of the will, on prima facie evidence of the validity of wills of real property. Secs. 2279 to 2286 Gen Stats. of 1906, Compiled Laws of 1914.

If it be conceded that courts of equity inherently have concurrent jurisdiction with the probate courts in contests of wills in exceptional cases, no such case is made here. The complainants could have contested the proceedings in the probate court with the right of appeal. No case is made for equitable relief and the order overruling the demurrer to the bill of complaint is reversed.

TAYLOR, C. J., and SHACKLEFORD, COCKRELL and ELLIS, JJ., concur.