W. J. CROSBY and WILTON E. JOHNSON as Surviving Executors and Trustees Under the Will of E. L. Wartman, Deceased, v. ELTA BURLESON, as Executrix of the Last Will and Testament of Ada B. Wartman, Deceased, *et al.*

195 So. 202
Division A
Opinion Filed March 19, 1940
Rehearing Denied April 2, 1940

444

D. *Niel Ferguson* and *H. M. Hampton,* for Petitioners; *Wallace E. Sturgis,* for Respondents.

BUFORD, J.—This case is before us on petition for certiorari to review an interlocutory order denying motion to dismiss the bill of complaint as to W. J. Crosby and Wilton E. Johnson as surviving executors of and trustees under the will of E. L. Wartman, deceased.

The bill of complaint was filed by Elta Burleson as executrix of the last will and testament and codicil thereto of Ada Burleson Wartman, deceased, Eugene T. Burleson, Margaret Levy and Eugenia B. Rothschild.

The bill of complaint in effect alleged that Edgar L. Wartman died on September 12, 1934, leaving a last will and testament and codicil thereto, which was duly admitted to probate in the County Judge's Court in and for Marion County, Florida, on September 20, 1934 (copy of the will and codicil was attached to and made a part of the bill); that the beneficiaries of the will of E. L. Wartmann were Ada Burleson Wartman, his widow, and his grandchildren, Elizabeth Ann, Mary Louise and Mildred Alice Wartmann; that Mildred Alice is a minor and that Louise H. Wartmann was the duly qualified and acting guardian of the person and estate of the said minor; that Ada B. Wartmann and the defendants Crosby and Johnson were designated by the will of E. L. Wartmann as executors thereof and trustees thereunder. That the county judge's court duly appointed them and they qualified as such and that the three jointly acted as such until February 2, 1938, when Ada B. Wartmann died, and since then Crosby and Johnson have acted as surviving executors as stated, *supra*.

That Ada B. Wartmann died February 2, 1938, leaving a last will and testament and codicil thereto which was admitted to record and probated in the county judge's court on September 5, 1938. (Copy of that will and codicil is attached to and made a part of the bill of complaint.)

That the beneficiaries of Ada B. Wartmann's will were Elizabeth Ann, Mary Louise and Mildred Alice Wartmann, her grandchildren, and Eugene T. Burleson, her nephew, Margaret B. Levy and Eugenia B. Rothschild.

That Elta Burleson and Wilton E. Johnson were designated in the will of Ada B. Wartman as executors thereof and they were duly appointed by the county judge's court on September 3, 1938, and that they qualified on the same day and have since acted as such. That in her will Ada B.

Wartmann disposed of certain personal property, and none other, to the defendants Mildred Alice, Elizabeth Ann and Mary Louise Wartmann. The bill described certain personal property so disposed of.

All the rest of the residue of the property of Ada B. Wartmann was thereby devised and bequeathed to Eugenia B. Rothschild, Eugene T. Burleson and Margaret B. Levy, plaintiffs herein.

It is alleged:

"That under Item 'I' of said E. L. Wartmann will the said Executors thereof and Trustees thereunder were required to pay all just debts and funeral expenses of testator; and by item 'II' thereof the entire remainder of the property of said E. L. Wartmann was devised and bequeathed to said executors of said will in trust for the purposes therein set forth. That said executors and trustees under said will were required, under the provisions of the trust created thereby, to pay the income of the estate so devised and bequeathed to said executors and trustees to the said Ada B. Wartmann so long as she should live, without let or hindrance or demand on the part of any person whomsoever. That said E. L. Wartmann will became operative, according to its tenor and effect, as aforesaid, and the said Ada B. Wartmann received a part of the income so accruing to her, but did not receive the whole thereof, and complaints hereinafter set forth, as particularly as is known to them, the errors and omissions of the executors and trustees of said E. L. Wartmann will resulting in their failure to fully and fairly account for any pay over to the said Ada B. Wartmann and her legal representatives all sums of money which, under the terms of said E. L. Wartmann will, became the property of the said Ada

B. Wartmann and should have been paid over to her or to her successors in interest.

## "V.

"That complainants are unable to accurately and fully itemize the sundry errors and omissions of the executors and trustees of said E. L. Wartmann will, because of which there has resulted a failure on the part of said Ada B. Wartmann and her legal representatives to receive the whole of the sums accruing for the account of said Ada B. Wartmann under item 'II' of said E. L. Wartmann will, for the reason that the defendants W. J. Crosby and Wilton E. Johnson, and each of them, as surviving executors, and trustees of said E. L. Wartmann will, have failed to file in said County Judge's Court, wherein administration upon the estate of E. L. Wartmann, deceased, has been and is now pending, as aforesaid, any report whatsoever particularizing the amount of income, source and date thereof, which accrued to the benefit of and became payable to the said Ada B. Wartmann, or showing the disbursements made on account to the said Ada B. Wartmann or any person in her behalf; nor have said defendants filed or undertaken to file in said court any report reflecting the status of the said income account of Ada B. Wartmann. Complainants hereto attach as Exhibits 'C,' 'D,' 'E' and 'F,' respectively, copies of all returns filed in said court by the legal representatives of said E. L. Wartmann estate, and make the same part hereof, and show that said returns are so vague, indefinite and uncertain, and so general in character, that it is wholly impossible to determine therefrom what part of the 'receipts' reflected thereby constitute income of the character which accrued to the benefit of said Ada B. Wartmann, and impossible to determine therefrom what part of the 'disbursements' reflected thereby constitute

proper charges against income of the estate of E. L. Wartmann, all of which matters are particularly within the knowledge of the defendants W. J. Crosby and Wilton E. Johnson; and complainants are entitled to full and complete discovery in the premises.

## "VI.

"Complainants show that said Elta Burleson and Wilton E. Johnson on February 7, 1938, filed their Petition for Letters Testamentary as executors of said Ada B. Wartmann will; that on February 21, 1938, the defendants Elizabeth Ann Wartmann, Mildred Alice Wartmann, Mary Louise Wartmann and Louise H. Wartmann filed protest against the admission to probate and record of said Ada B. Wartmann will, that shortly thereafter the defendants W. J. Crosby and Wilton E. Johnson, as surviving executors and trustees of said E. L. Wartmann will, were requested to account for and pay over to the estate of Ada B. Wartmann all sums to it due by the estate of E. L. Wartmann; that said defendants admitted that there was a substantial sum of money so payable, and promised to make payment thereof promptly upon the designation of some authorized person to receive the same; that said defendants further represented that if it should be made to appear that any error had been committed in the computation of income of said E. L. Wartmann estate for the purpose of determining the amount said Ada B. Wartmann was entitled to receive as a beneficiary thereof, as aforesaid, that such errors would be fairly adjusted and due payment made as promptly as a legal representative of the estate of Ada B. Wartmann should qualify to receive the same; that thereafter, on to-wit, July 16, 1938, the defendants W. J. Crosby and Wilton E. Johnson informed the complainants through their attorney, Wallace E. Sturgis of Ocala, Florida, that all of the accounts

of the estate of E. L. Wartmann had been regularly audited and all profits to September 1, 1937, paid over to said Ada B. Wartmann estate for the period from September 1, 1937, to February 2, 1938, except that such audit reflected a profit of $1,747.41, and in addition thereto interest on a certain promissory note of the within named Louise H. Wartmann, which had not been paid and that they, the said W. J. Crosby and Wilton E. Johnson, in their relation as surviving executors of the estate of E. L. Wartmann were ready to pay the same over to any person authorized to receive the same at any time, but complainants did not then and have not since admitted the accuracy of the figures so stated as reflecting the whole of the amount due to the legal representatives of Ada B. Wartmann in the premises.

'That complainants relied in good faith on all and singular the promises and assurances of said defendants to account as aforesaid."

It is then alleged that the contest of the will of Ada B. Wartmann was dismissed and the will was admitted to probate. That Burleson and Johnson were appointed and qualified as executors on September 5, 1938; that they made demands by their attorney on Crosby and Johnson as surviving executors and trustees for an accounting and the payment over to the estate of Ada B. Wartmann of such sums of money as accrued to the benefit of Ada B. Wartmann and which had not been paid over to her in her lifetime, but that they have been unable to get such accounting or payment.

The bill alleged that no claims or demands of any nature whatsoever have been filed by Crosby and Johnson, or either of them, as executors and trustees of the estate of E. L.

Wartmann, or otherwise, against the estate of Ada B. Wartmann.

It is then alleged that the complainants are informed and believe and thereupon allege that at the time of the death of Ada B. Wartmann there had accrued as income of the estate of E. L. Wartmann, deceased, divers sums and credits which had not theretofore been remitted to the said Ada B. Wartmann in accordance with the said E. L. Wartmann will and had not since been remitted to the legal representatives of the estate of Ada B. Wartmann, deceased, and as such the bill shows the following items:

"Item 1—Rentals received from sundry properties $ 649.07

Item 2—Dividends from stock and "Edwards-Wartmann' ......................... 482.00

Item 3—Interest on sundry savings accounts, bonds, debentures, notes receivable, etc. 2,832.23

Item 4—Profit from separately operated grove of estate ......................... 77.50

Item 5—50% of $18,829.25, representing profits of Crosby & Waterman groves for period from September 1, 1937, to February 2, 1938.................... 9,414.62

Item 6—50% of proceeds of fruit from Crosby and Wartmann groves picked but not sold on February 2, 1938.................... 2,275.59

Item 7—50% of net inventory of Crosby and Wartmann fruit on trees, which had matured but not been sold on February 2, 1938 ......................... 2,061.44

Total (Items 1 to 7, inc.)............... $17,792.45"

It is not necessary to delineate further allegations of the bill of complaint because the foregoing is sufficient to show

the nature of the controversy and the alleged interests of the parties.

The prayer of the bill is for answer and accounting and that a decree be rendered against the defendants as sur-· viving executors of the last will and testament and codicil thereto, of E. L. Wartmann, deceased, and against the estate of the said E. L. Wartmann, deceased, in favor of the legal representatives, *supra,* of the estate of Ada B. Wartmann, deceased, and of said estate of Ada B. Wartmann, deceased, for said balance so found to be due and requiring the defendants, surviving executors and trustees under the last will and testament, and codicil thereto, of E. L. Wartmann, deceased, to forthwith pay the same.

Motion to dismiss was granted as to certain defendants and was denied as to Crosby and Johnson.

The controlling question for our consideration is whether or not the complainants in the court below have sought their remedy in the proper forum which involves the question of the jurisdiction of the circuit court in matters of this sort. It is clearly apparent that the County Judge's Court of Marion County has assumed and now entertains jurisdiction of the subject matter and of the parties.

That provision of the Constitution with reference to jurisdiction of circuit courts has changed little since 1868. Under Section 8, Article VI of the Constitution it was provided:

"The circuit courts in the several judicial circuits shall have original jurisdiction in all cases of equity, also in all cases at law which involve the title or right of possession to, or the possession of, or the boundaries of real property; of the legality of any tax, impost, assessment, toll or municipal fine and in all other cases in which the demand or the value of property in controversy exceeds three hundred

dollars, and of the action of forcible entry and unlawful detainer, and also in all criminal cases amounting to felony. They shall have final appellate jurisdiction in all civil cases arising in the county court in which the amount in controversy is one hundred dollars and upwards, and in all cases of misdemeanor. The circuit courts and the judges thereof shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, and all other writs proper and necessary to the complete exercise of their jurisdiction, and also shall have power to issue writs of habeas corpus on petition by or on behalf of any person held in actual custody in their respective circuits."

This section was amended in 1875 to read as follows:

"The circuit courts shall have original jurisdiction in all cases in equity, also in all cases at law in which the demand or the value of the property involved exceeds one hundred dollars, and in all cases involving the legality of any tax assessment, toll or municipal fine, and of the action of forcible entry and unlawful detainer and of actions involving the titles or right of possession of real estate, and of all criminal cases except such as may be cognizable by law by inferior courts. *They shall have appellate jurisdiction of matters pertaining to the probate jurisdiction and the estates and interest of minors in the county courts,* and of such other matters as may be provided by law, and final appellate jurisdiction in all civil cases arising in the court of a justice of the peace, in which the amount or value of property involved is twenty-five dollars and upwards, and of misdemeanors tried before any justice's or mayor's court. The circuit courts and judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, habeas corpus and all writs proper and necessary to the complete exercise of their jurisdiction."

And in Section 11 of Article V of the Constitution of 1885, it was provided:

"The circuit courts shall have exclusive original jurisdiction in all cases in equity, also in all cases at law, not cognizable by inferior courts, and in all cases involving the legality of any tax, assessment or toll; of the action of ejectment and of all actions involving the titles or boundaries of real estate, and of all criminal cases not cognizable by inferior courts; and original jurisdiction of actions of forcible entry and unlawful detainer, and of such other matters as the Legislature may provide.· They shall have final appellate jurisdiction in all civil and criminal cases arising in the County Court, or before the County Judge, of all misdemeanors tried in Criminal Courts, of judgments or sentences of any Mayor's Court, and of all cases arising before Justices of the Peace in counties in which there is no county court; *and supervision and appellate jurisdiction of matters arising before County Judges pertaining to their probate jurisdiction, or to the estates and interests of minors,* and of such other matters as the Legislature may provide. The Circuit Courts and Judges shall have power to issue writs of mandamus, injunction, quo warranto, certiorari, prohibition, habeas corpus and all writs proper and necessary to the complete exercise of their jurisdiction."

Section 11 of Article VI of the Constitution of 1868, with reference to the jurisdiction of the county court, was amended in 1875 to read as follows:

"The county court shall have power to take probate of wills, to grant letters testamentary, and of administration and guardianship, to attend the settlement of the estates of decedents and of minors, and to discharge the duties usually pertaining to courts of probate, *subject to the direction and supervision of the appellate and equity jurisdiction of the*

*circuit court, as may be provided by law.* And the county judges shall have and exercise the civil and criminal jurisdiction of justices of the peace. They may also have jurisdiction of such proceedings relating to the forcible entry or unlawful detention of lands and tenements, subject to the appellate jurisdiction of the circuit court, as may be provided by law."

The Constitution of 1885 in Section 17 of Article V defines the jurisdiction of the county judges as follows:

"The County Judge shall have original jurisdiction in all cases at law in which the demand or value of property involved shall not exceed one hundred dollars; of proceedings relating to the forcible entry or unlawful detention of lands and tenements; and of such criminal cases as the Legislature may prescribe. *The County Judge shall have jurisdiction of the settlement of the estates of decedents and minors, to take probate of wills, to grant letters testamentary and of administration and guardianship, and to discharge the duties usually pertaining to courts of probate.* He shall have the power of a committing Magistrate and shall issue all licenses required by law to be issued in the county."

The effect of this was to strip the county courts of probate power and vest the entire probate power, subject to the provisions of Section 11, Article V, in the county judges.

It could serve but little purpose for us to review the history of court decisions in regard to the jurisdiction of certain courts in this State in probate matters promulgated prior to the adoption of the 1933 Probate Act.

It is too well settled as a general principle that where a court has jurisdiction of the subject matter and of the parties, its judgment, although irregular in form or erroneous, is conclusive so long as unreversed, and can not be attacked collaterally. See Ponder v. Moseley, *et al.,* 2 Fla.

207; Einstein's Sons, etc., v. Davidson, 35 Fla. 342, 17 Sou. 563. This rule applies as well to courts of limited jurisdiction. See Palm Beach Estates v. Croker, 111 Fla. 671, 152 Sou. 416; Norwich Union Indemnity Co. v. Aetna Casualty & Surety Co., 127 Fla. 238, 168 Sou. 418, 34 C. J. 518; Union Bank of Florida v. Parkhill's Administrators, 2 Fla. 660.

In the late case of Everett v. Petteway, 131 Fla. 516, 179 Sou. 666, it was said:

"The County Judge of Hillsborough County has jurisdiction of the Estate of Pallie S. Smith under both subheads (a) and (b) quoted above, and the finding of fact made in the order of appointing Mae S. Houlihan administratrix of the estate. It is also indicated in that order that the only reason that the appointment of F. M. Houlihan, as administrator, was revoked was because he was not entitled to preference to the appointment and because there was no citation to those interested in the estate. This indicates that the County Judge of Hillsborough County has determined that he had jurisdiction of the estate of Pallie S. Smith at the time appointed F. M. Houlihan administrator thereof. The recital in that order that the county judge had jurisdiction in the premises establishes that fact so as to place it beyond the scope of any collateral attack."

In Roberts v. Coram, 72 Fla. 225, 72 Sou. 668, it is said: "The statute makes specific provision for the contest of a will in the probate court of the county judge, which court under the Constitution has jurisdiction of such matters, and the Constitution and statutes authorize appeals in such proceedings, to the circuit courts and from the circuit courts to the Supreme Court. Under the Constitution, the circuit courts have 'supervision and appellate jurisdiction' in probate proceedings, subject to the appellate, * * * the Supreme

Court. The statute provides that the probate of wills, so far as concerns any personal estate, shall be conclusive as to the validity of the will, on *prima facie* evidence of the validity of wills of real property. Secs. 2279 to 2286, Gen. Stats. of 1906, Compiled Laws of 1914."

As is seen, *supra,* the probate court is given its jurisdiction by Section 17, Article V, of the Constitution and it has exclusive jurisdiction in granting letters of administration and administering estates. See Rich & Co. v. Bellamy, *et al.,* 4 Fla. 537; Epping Bellas & Co. v. Robinson, 21 Fla. 36; Bowen v. Jacksonville Electric Co., 51 Fla. 152, 41 Sou. 400.

In Ponder v. Moseley, 2 Fla. 207, it was held in effect that where a court has jurisdiction of the subject matter and of the parties, the judgment, although irregular in form or erroneous, is conclusive so long as unreversed, and cannot be attacked collaterally.

In Lucy v. Deas, 59 Fla. 552, 52 Sou. 515, it was held: Where the court is legally organized and has jurisdiction of the subject matter and the adversary parties are given an opportunity to be heard by the actual or constructive service on them of notice of the litigation as required by law, any errors or irregularities or even wrong doing in the proceedings short of an illegal deprivation of an opportunity to be heard will not render the judgment void." See also Malone v. Meres, etc., 91 Fla. 709, 109 Sou. 677.

The rule stated applies to courts of limited jurisdiction. Fiehe, etc., v. Householder Co., 98 Fla. 627, 125 Sou. 2; Palm Beach Estates v. Croker, 111 Fla. 671, 152 Sou. 416.

An exception to this rule is where fraud is practiced upon a stranger by parties to a proceeding. Ryan's Furniture Exchange, Inc., v. McNair, 120 Fla. 109, 162 Sou. 483.

The allegations of the bill of complaint, *supra,* show that

the returns referred to in the bill of complaint as Exhibits "C," "B," "D" and "E" were verified under oath by Mrs. Ada B. Wartmann and her co-executors and trustees. Therefore, Ada B. Wartmann was estopped to deny the accuracy and sufficiency of those reports and should be estopped by her own act to deny them, and her legal representatives are likewise estopped.

Section 38 of the 1933 Chancery Practice Act provides:

"JURISDICTION OF COUNTY JUDGE.—

"The county judge shall have jurisdiction of the administration, settlement and distribution of estates of decedents, the probate of wills, the establishment of lost or destroyed wills, the granting of letters testamentary and of administration, and of all other matters usually pertaining to courts of probate."

Under the provisions of Section 11, Article V of the Constitution, the circuit courts have supervisory jurisdiction over the matters arising before county judges pertaining to their probate jurisdiction or to the estates and interests of minors and of such other matters as the Legislature may provide and the circuit courts have appellate jurisdiction over the county judges in such matters.

In the instant case the attempt is not to invoke supervision by the circuit court over the county judge but the attempt is to have the circuit court take the matter of settlement of estates out of the hands of the county judge and make the necessary orders and decrees regarding the settlement of the estates. Even if concurrent jurisdiction existed, which we hold does not now exist, the county judge's court having assumed jurisdiction of the settlement of the estates of both the decedent testators, the circuit court should not attempt to oust that jurisdiction. This principle is so well settled as to require citation of no authorities.

The bill of complaint alleges no facts to show that all relief sought could not be obtained, or the rights of the parties determined by proper application to the county judge having jurisdiction of the subject matter and the parties.

The purpose of the 1933 Probate Act was to give the county judges exclusive jurisdiction in all matters pertaining to the settlement of estates and amply provided for the review of the action of the county judges by appeal to the circuit court and also provided for further review by appeal from the circuit court to the Supreme Court.

It may be that conditions could arise where the jurisdiction of a court of equity could be invoked in matters pertaining to estates where adequate relief could not be had by application to the county judge, but cases of this sort are not within that category. See opinion and judgment in the case of Pournelle, *et al., v.* Baxter, *et al.,* filed at this term. The county judge has the power and authority under the Constitution and the statutes, *supra,* to require executors and trustees operating under the provisions of a will and duly appointed and acting under orders of the county judge to make full and complete accounting as to all assets coming into their hands, as well as to the proper distribution or disposition of any and all assets of such estates.

The allegations of the bill of complaint in this case are not sufficient to constitute a basis for the intervention of the court of equity. Therefore, the motion to dismiss should have been granted as to all defendants.

It follows that the writ of certiorari will be awarded and the order of the circuit court quashed, with directions that the bill of complaint be dismissed.

So ordered.

TERRELL, C. J., and THOMAS, J., concur.

CHAPMAN, J., concurs in opinion and judgment.

Justices WHITFIELD and BROWN not participating as authorized by Section 4687, Compiled General Laws of 1927, and Rule 21-A of the Rules of this Court.