LOIS EWELL HENDERSON, v. ANNIE P. EWELL, *et al.*

149 So. 372.
Division A.
Opinion Filed July 7, 1933.

*Raine Emell,* of San Francisco, Calif., for Appellant;

*W. F. Way* and *Paul E. Dixon,* for Appellees.

DAVIS, C. J.—This is an appeal from a decree of the Circuit Court of Pinellas County removing as co-administrators of the estate of James L. Ewell, deceased, Lois Ewell Henderson, James G. Ewell and Hunter N. Ewell.

The Chancellor heard all the witnesses personally and expressly found in his decree that the evidence showed that the joint administrators were in irreconcilable conflict with each other regarding the management of the estate; that each administrator had been taking individual action without consulting his or her co-administrator and that a spirit of intense antagonism existed between the joint administrators; that such conflict and dissension had been of long

standing and had existed from the beginning; that all of this militated against the proper and profitable handling of the estate. The court further found that said administrators had failed to make reports of their acts and doings as required by the statutes pertaining to administrators and that it would be for the best interest of said estate that the joint administrators be removed and that a competent person be appointed in their stead. One W. R. Burt was accordingly so appointed as administrator *cum testamento annexo* of the estate. The appeal is by Lois Ewell Henderson, one of the removed administrators.

An appellate court is always disinclined to interfere with action taken by a court of first instance in the matter of removal of executors or administrators in cases where the court below has affirmatively found that the existing administrators have not faithfully performed their duties as such according to law, and has further found that owing to other conditions made to appear to the court, that it will be for the best interest of the estate to remove executors or administrators and appoint a competent person to act in their stead. Nor will an appellate court reverse such a decree of removal in the absence of a showing of clear error or abuse of discretion in the making of the order complained of. 23 C. J. 1124.

Sufficient allegations were made, and sufficient causes were found by the court below, to sustain a removal of the joint administrators under Section 5560 C. G. L., 3695 R. G. S., which authorizes removals of such personal representatives for failure to make returns and inventories and render just and true accounts of the estate, as well as for mal-administration of the estate. Proceedings are authorized under Section 5561 C. G. L., 3696 R. G. S., to be instituted by any creditor, legatee, devisee, heir or distributee, or by any co-executor or co-administrator, or either of them,

upon the administration bond. In this case the petition was filed by Hunter Ewell, a co-administrator with Lois Ewell Henderson and James Gibson Ewell, of the estate, and who is also an heir.

James G. Ewell confessed the petition and consented to his own removal.

A careful reading of the record fails to demonstrate wherein any error was committed by the circuit judge in the making of the removal order appealed from, so it must of necessity be affirmed and it is so ordered.

Affirmed.

WHITFIELD, ELLIS, TERRELL, BROWN and BUFORD, J. J., concur.