JACK F. WHITE, et al., v. JAMES D. BOURNE and ERLE B. ASKEW.

9. So. (2nd) 170          En Banc
July 7, 1942

Austin L. Richardson and William B. Tippetts, for plaintiffs in error.

Bussey, Mann & Barton, for defendants in error.

ADAMS, J.:

Final judgment granting prohibition is before us on writ of error.

Mae Stewart Jungbluth Laidlaw, a resident of St. Petersburg, Florida, died August 3, 1940, leaving a purported Last Will and Testament dated September 21, 1939. Same, on an Ex Parte hearing on August 5, 1940, was admitted to record by the Honorable T. Frank Hobson, acting as County Judge. This purported will disinherited the decedent's husband, Robert E. Laidlaw. This will contained a specific bequest to Helen Severance in the sum of $5,000.00. The rest of the property was conveyed in trust to two trustees, with directions to pay over to Elinor S. H. Horner, $3,000.00 annually, in monthly instalments of $250.00 each during her lifetime. Said Horner, was also to be furnished a home, and its maintenance, for lifetime. The trustees were further

directed to pay over to Annie Stewart Riley, the sum of $3,000.00 annually, in monthly instalments of $250.00 each, during her lifetime. At the death of both of these beneficiaries, the trustees, after the payment of all costs incident to the trusteeship, were then required to pay over the balance of the income to the American Legion Hospital for Crippled Children in perpetuity. In April, 1941, amended petition seeking the revocation of said purported will was filed by contestants, Laidlaw and Riley, in the County Judge's Court of Pinellas County, Florida. The petition set up lack of testamentary capacity of the decedent to make a will, and undue influence, that the will was void by virtue of its terms, which attempted to create the purported trusts, and that the same was not executed as required by the laws of the State of Florida. While this will contest was pending, an agreement was entered into by all of the parties in interest (Laidlaw, the husband of the decedent, who was her sole heir-at-law under the laws of descent and distribution of the State of Florida, and all the beneficiaries named in said will, each of whom are sui juris), to the will contest and make distribution of the assets in accordance with their said agreement. Petition was then filed in the County Judge's Court on behalf of the American Legion Hospital for Crippled Children for ratification and approval of this agreement, the termination of the will contest and distribution of the estate in accordance with said agreement. Citation was issued to all parties in interest, including the executors. They filed their motion to dismiss the petition and same was overruled by the Court. Whereupon, they filed a suggestion for writ of prohibition in the Circuit Court of Pinellas County,

Florida, to prohibit the County Judge from acting further in the premises and writ of prohibition was issued.

The question is: Did the County Judge, under his constitutional and statutory powers, have jurisdiction or power to ratify or deny ratification of said agreement and order distribution, or refuse to order distribution as provided by said contract?

The probate court is a constitutional court of general jurisdiction. In this case it had jurisdiction of the subject matter and when all interested parties appeared it acquired jurisdiction of the parties. The contention is made by defendant in error that only courts of equity have jurisdiction to terminate trust. While the same parties named as executors are also named trustees, they will not become the latter until the former duty is completed. First Trust & Savings Bank v. Henderson, et al., 101 Fla. 1437, 136 So. 370. There is therefore no existing trust to be terminated. It does become material though, to ascertain whether the contemplated trust is one which might be terminated. The determination of this question was incident to the administration of the estate, and the probate court had full power to pass on same, subject to appellate review. In doing so it will be governed by equitable principles. Crosby, et al., v. Burleson, 142 Fla. 443, 195 So. 202. The contemplated trust was not what we know as a spendthrift trust. The cesqui que trustents could have alienated their interest under same. See Croom v. Ocala Plumbing & Electric Co., 62 Fla. 460, 57 So. 342; Bradshaw v. American Advent Christian Home & Orphanage, et al., 145 Fla. 270, 199 So. 329. The agreement was therefore one which the probate court might properly

pass upon and enter such order as might be consistent with law. It follows without question that a trust will not be set up or continued merely for the benefit of the trustees. Their only proper interest can be that of the ones they represent. Jungbluth v. American Bank & Trust Co., et al., 101 Fla. 289, 134 So. 618.

The judgment is reversed.

WHITFIELD, TERRELL, BUFORD and CHAPMAN, JJ., concur.

BROWN, C. J., and THOMAS, J., dissent.