**IN RE: ESTATE OF MINNIE WELTNER, deceased. HERMAN A. H. ULITZSCH, Sole Heir, Legatee, Devisee and Beneficiary under the Will and Codicil of Minnie Weltner, deceased, v. W. J. TOLTON, as Administrator, c.t.a. of the Estate of Minnie Weltner, deceased.**

17 So. (2nd) 396                                   January Term, 1944
March 17, 1944                                          Division A
Rehearing Denied April 21, 1944

*J. Montrose Edrehi, A. Morley Darby, Leonard J. Grossman* and *J. Lewis Hall,* for appellant.

*Fisher & Fisher,* for appellee.

CHAPMAN, J.:

On February 23, 1938, W. J. Tolton was by the County Judge of Escambia County, Florida, appointed administrator of the Estate of Minnie Weltner, deceased. Shortly thereafter letters of administration issued to him upon the approval and filing of a bond in the County Judge's Court of Escambia County in the sum of $100. On October 12, 1938, an order of appraisal and the appraisals were made and subsequently filed in the county judge's court, and the property, as appraised, was itemized and valued at the total sum of $2,198.43. Notice to all creditors issued and was published as required by law.

On December 4, 1942, Herman A. H. Ulitzsch, sole heir at law of the Estate of Minnie Weltner, deceased, filed in the County Judge's Court of Escambia County. Florida, a sworn petition seeking an order of removal of W. J. Tolton as administrator of said estate, and an accounting and other relief. The petition was lengthy and set forth in detail numerous reasons for the removal by the county judge of the administrator. Made a part of the petition for removal, by appropriate language, is a copy of a letter dated at Pensacola, Florida, January 23, 1939, addressed to the petitioner, Herman A. H. Ulitzsch, and signed by W. J. Tolton.

The letter is viz:

"Tolton Agency, Inc.,
"Insurance — Realtors
"Pensacola, Florida
"Jan. 23, 1939

"Mr. H. A. Ulitzsch,
"Crescent City, Ill.
"Dear Mr. Ulitzsch:

"You asked if I would advise you the status of the trust fund which I am trustee for. This is to advise that we have

in this trust at this time U. S. Government Bonds in the amount of $13,000.00, drawing 3¼% interest, and maturing in 1946. Said funds are to be paid to you according to the terms of the Trust Agreement.

"With kindest regards and best wishes, I am,

"Yours very truly,

"(signed) W. J. Tolton

"WJT:MLB

"Nov. 25, 1940.

"The amount has been reduced to $12,500.00.

"(signed) W. J. Tolton

The petition for removal alleges, in part, that Minnie Weltner on May 20, 1932, inherited from her deceased husband, William Weltner, and had set over to her an estate of the value of $30,725.60. Among the said assets were $15,000.00 in United States Liberty Bonds then registered in the name of the late William Weltner. Five of the bonds were for the sum of $1000.00 each and one for $10,000.00 and appropriately numbered. W. J. Tolton, in 1932, was assistant cashier of the First Bank & Trust Company of Pensacola and Minnie Weltner at the time was one of its customers and transacted some of her business in the bank with Mr. Tolton. The bonds were exchanged for coupon bonds and semi-annual installments of interest accruing thereon were by the bank paid to Minnie Weltner, whose post office address was Crescent City, Illinois, the home of the petitioner.

Petitioner, after the death of his sister, contacted Tolton and made inquiry about the $15,000.00 of bonds and was informed that his interest in the bonds was to clip the maturing interest coupons and that he (Tolton) would clip them in the future and send them to the petitioner similar to the manner of transmitting the same to Mrs. Minnie Weltner. Tolton represented to the petitioner that he did not need a lawyer and that Tolton was willing to handle the bonds of the estate and would see that petitioner received all the Government Bonds and other assets of the Weltner Estate. Shortly thereafter the letter *supra* was received by petitioner from Tolton. Petitioner requested information of Tolton

about the trust agreement referred to in the Tolton letter, but after repeated promises made by Tolton to produce a copy of the trust agreement he told petitioner that he had no trust agreement with the late Minnie Weltner and said: "What are you going to do about it?" Tolton, about the time he was appointed administrator, promised to pay petitioner $125.00 monthly out of the United States Bond Fund.

Petitioner employed counsel and endeavored to recover the bonds of Tolton or their equivalent, but succeeded in collecting only $2500.00, and at the time of accepting said sum signed a covenant not to sue prepared by Tolton's attorney. The covenant is viz:

"Pensacola, Fla., May 30th, 1942. "Received of W. J. Tolton, $2500.00 dollars, in consideration of which H. A. Ulitzsch covenants not to sue W. J. Tolton either individually or as administrator c.t.a., of the Estate of Mrs. Minnie Weltner, or as Trustee for H. A. Ulitzsch, for the alleged conversion of any U. S. Government bonds or their proceeds, the property of Mrs. Minnie Weltner, the Estate of Mrs. Minnie Weltner, or H. A. Ulitzsch, reserving however all right and title in and to said bonds and the right to see and subject the same.

"Witness my hand and seal this May 30th, 1942.

"H. A. Ulitzsch     (SEAL)
"Witness:
   "Philip D. Beall."

It is further alleged that Tolton has not accounted in full for the bonds, omitted to inventory and report to the Court the same as the property of the Weltner Estate, and the bonds were the property of the estate, and Tolton had mismanaged, wasted, diverted and unlawfully appropriated the bonds. The prayer of the petition sought appropriate relief. Citation issued and counsel for Tolton demurred to the petition.

The grounds of the demurrer in effect are viz: (1) the court was without jurisdiction to hear and decide the controversy; (2) petitioner was, as a matter of law, estopped from maintaining the action; (3) the remedy of the petitioner is

in a court of equity; (4) the stated facts are not within the jurisdiction of the county judge's court; (5) petitioner, as shown by record, has covenanted not to sue Tolton and is legally bound thereby.

Simultaneously with the filing of the demurrer, Tolton, in compliance with the prayer of the petition and an order of the Court, filed an account with the county judge's court purporting to embrace or cover the entire period and all of his activities as administrator of the Minnie Weltner Estate. He reported that he had fully administered the estate and prayed for an order approving his account as a final accounting and that he by appropriate order be discharged as administrator, as well as the sureties on his bond.

Petitioner objected to the approval of the account and the discharge of the administrator, because Tolton failed to account for the $15,000.00 in U. S. Government Bonds, property of the Weltner Estate, and further because the covenant not to sue signed by the petitioner was legally insufficient to deprive the County Judge's Court of Escambia County, Florida, of jurisdiction of the controversy; neither should it preclude a hearing on the question of whether or not Tolton had unlawfully converted the bonds or wasted or misappropriated the assets of the Weltner estate.

On March 13, 1943, the County Judge of Escambia County entered three separate orders in the case at bar in which he (1) sustained the demurrer of Tolton to the petition of Herman A. H. Ulitzsch and dismissed the petition; (2) the objections of the petitioner to the final account of W. J. Tolton, administrator, were overruled and denied; (3) the oral motion of counsel for petitioner, made in the county judge's court, to strike from the files the demurrer or exceptions of Tolton directed to the petition of Ulitzsch was granted.

An appeal therefrom was perfected to the Circuit Court of Escambia County, Florida, and, after the hearing of counsel, an order was entered affirming each of the challenged orders. It was the view of the circuit court, as expressed in the order of affirmance, that the County Judge's Court of Escambia County was without jurisdiction to determine and

fully grant the relief sought in the petition, because it was without jurisdiction to grant said relief. An appeal therefrom has been perfected to this Court.

One of the essential questions presented here for adjudication is whether or not the County Judge's Court of Escambia County has the power to hear and determine the several issues made or presented by the petition which was dismissed by the county judge's court and the order of dismissal affirmed on appeal to the Circuit Court of Escambia County. The answer to this question is found in Section 17 of Article V of the Constitution of Florida; the several applicable provisions of Chapter 16103, Acts of 1933, Laws of Florida, commonly referred to as the Florida Probate Act, and decisions of this Court construing or interpreting the same, some of which are viz: White v. Bourne, 151 Fla. 12, 9 So. (2nd) 170; State ex rel. North v. Whitehurst, 145 Fla. 559, 1 So. (2nd) 175; Tyre v. Wright, 144 Fla. 90, 197 So. 846; Pournelle v. Baxter, 142 Fla. 517, 195 So. 160; Crosby v. Burleson, 142 Fla. 443, 195 So. 202. The order of the county judge's court dated March 13, 1943, sustaining the demurrer of Tolton to the petition of Herman A. H. Ulitzsch and dismissing the same, which order was affirmed under date of August 27, 1943, on appeal to the Circuit Court of Escambia County constitutes reversible error.

It appears by the petition that Tolton, on January 23, 1939, had in his possession $13,000.00 of U. S. Government bonds bearing interest at 3¾% and maturing in 1946. These funds were to be paid by Tolton to Ulitzsch according to the terms of a trust agreement—which agreement he later declared did not exist. Apparently all other assets of the estate except the bonds had been satisfactorily accounted for. It is contended that, although Tolton had the bonds and had promised to account for the same to Ulitzsch, he (Tolton) was not legally required so to do because Ulitzsch had signed a covenant not to sue him for the bonds and that this covenant was alike obligatory on Ulitzsch and the County Judge's Court of Escambia County, Florida, having jurisdiction of the parties and subject matter of the litigation.

Whether or not the covenant not to sue, *supra,* signed by

Ulitzsch and by him delivered to Tolton is now binding and obligatory on the County Judge's Court of Escambia County, when engaged in the administration of the assets of Minnie Weltner, and on Ulitzsch as an heir of said estate, so as to preclude Ulitzsch from obtaining an adjudication by the county judge's court on the several issues made by the petition, is an essential question presented here for a decision. The financial interest of Tolton, no doubt, would be advanced by such a favorable holding. Authorities cited by counsel on this important question have been carefully considered.

It is not here contended that Ulitzsch and Tolton, or either of them, at the time of signing and delivering of the covenant not to sue, or within a reasonable time thereafter, complied with the several provisions of Section 733.21, Fla. Stats. 1941, and thereby obtained an order of approval by the county judge's court of the alleged compromise or settlement involving the payment of the $2500.00 made by Tolton and the signing and delivery of the covenant not to sue on the part of Ulitzsch. We do not feel justified on this record at this time in pointing out or particularizing the exact conditions and circumstances under which the alleged covenant not to sue could or would be binding or obligatory upon the parties thereto, but it is sufficient to hold and decide that, in the absence of a showing of substantial compliance with the several provisions of Section 733.21, supra, the covenant not to sue is not binding on the County Judge's Court of Escambia County, or on the petitioner, in obtaining an adjudication by the said Court on the several issues tendered by the allegations of the petition.

The provision of the order of the county judge's court dated March 13, 1943, (1) sustaining a demurrer by Tolton to the petition of Ulitzsch and the dismissal thereof, and (2) the provision thereof which overruled and denied the objections of Ulitzsch to the alleged final account of Tolton as administrator and on appeal the aforesaid provisions affirmed or sustained by an order of the circuit court, were each erroneous. The order of affirmance by the circuit court of provisions (1) and (2), *supra,* are each hereby reversed, with directions for further proceedings in the lower court

not inconsistent with this opinion. The other provisions of the order of affirmance by the circuit court are affirmed.

It is so ordered.

BUFORD, C. J., TERRELL and ADAMS, JJ., concur.