## In re GREGORY'S WILL (No. 3).

Circuit Court, Palm Beach County, Civil Appeal.

October 15, 1954.

Phillip D. O'Connell and Loren D. Simon, both of West Palm Beach, for appellants.

Wardlaw & Stewart, Caldwell, Pacetti, Robinson & Foster, Gibson & Gibson, and Joe H. Lesser, all of West Palm Beach, for appellees.

OTIS FARRINGTON, Circuit Judge.

The questions for discussion here are (1) whether or not the interests of the charities vested at the death of the testator, and if so, (2) could the county judge properly order immediate partial distribution of funds not needed to insure payment of the $50 monthly legacy to the surviving life tenant or for expenses in closing the estate.

Vested and contingent remainders are defined by Redfearn in Wills and Administration of Estates in Florida, 2d ed., section 173 at page 286, as follows—"Remainders are either vested or contingent. A vested remainder is one limited to a certain person at a certain time or to such person upon the happening of a necessary event; a present estate passes to be enjoyed in the

future. A contingent remainder is one so limited that either the person who is to enjoy the estate is at present uncertain, or the event upon which the future estate is to vest may or may not happen. It is the uncertainty of the right of future enjoyment which makes a remainder contingent."

The law favors the early vesting of estates and there is a strong presumption in favor of the vesting of remainders in interest upon the death of the testator. Words of postponement are usually construed to relate to the possession or enjoyment of the remainder rather than to its vesting. Cases of doubt will be resolved in favor of a vested remainder. Redfearn, supra, pp. 288-89; 33 Am. Jur. 561, 563; Sorrels v. McNally (Fla. 1925), 105 So. 106, 110.

However, "in the construction of a will, the intention of the testator as therein expressed shall prevail over all other considerations, *if consistent with the principles of law."* Blocker v. Blocker (Fla. 1931), 137 So. 249, 253, citing many cases. "Where it is clear from the plan and context of the will that the testator did not intend that the estate in remainder should vest at the time of his death, that intent must prevail." 33 Am. Jur. 563. General rules of construction favoring vested remainders should not be used to defeat the clearly expressed intent of the testator. Krissoff v. First National Bank of Tampa (Fla. 1947), 32 So. 2d 315.

The executor-trustees contend that the gift over to the grand-nephews and grandnieces provided any of the charities "cannot take under the provisions of the will *for any reason whatsoever"* (italics added) indicates a clear intention to create a contingent remainder, which should not be disregarded. If it were not for this provision there would be no doubt that the remainders to the charities should be construed as being vested.

It is generally held that a remainder otherwise vested is not made contingent because it is liable to be divested or destroyed. A vested remainder may be either absolutely or defeasably vested. It is often very difficult to distinguish between a contingent remainder and one that is vested, subject to be divested by a condition subsequent. As stated by Gray, Rule Against Perpetuities, 3d ed., section 108—"If the conditional element is incorporated into the description of or into the gift to the remainderman, then the remainder is contingent; but if, after words giving a vested interest, a clause is added divesting it, the remainder is vested." 33 Am. Jur. 546. As stated in Ducker v. Burnham (Ill.) 34 N. E. 558, 37 Am. St. Rep. 135, quoted

in annotation 131 A.L.R. 712, 714—"An estate limited upon a contingency to which the effect of a condition subsequent is given vests at once, subject to be divested upon the happening of the contingency. Whether the condition is really precedent or subsequent will depend upon whether it is incorporated into the gift to or description of the remainderman, or is added as a separate clause after words which have already given a vested interest."

In Gregory's will the gift over "in the event any or all of the above named charitable organizations cannot take under the provisions of the will for any reason whatsoever" was added as a separate clause following subparagraph (f) (2) paragraph seventh, while the words of survivorship contained in subparagraph (f) (1) paragraph seventh were incorporated into the description of the remaindermen. Thus, even if the quoted language were held to refer to the time of the death of the surviving life tenant, the remainders in question should be construed to be vested subject to being divested if for any reason any of the charities could not take at the time of the death of the surviving life tenant. This construction however would preclude immediate partial distribution because of the existence of a contingency which might ultimately defeat the right of the beneficiary.

The contention of the charities that the time for determination whether the charities could take under the provisions of the will should be the time of the death of the testator rather than the time of the death of the surviving life tenant is sound. The words "cannot take under the provisions of this will" do not indicate that the testator had in mind the remote possibility of the dissolution of one or more of the charitable corporations or the even more remote possibility of the rejection of the gift. The more reasonable interpretation of the intention of the testator is that this gift over was added following the gifts in remainder to the charities in order to avoid possible intestacy as to these gifts under the provisions of section 731.19, F.S.A., as amended, in case the testator should die within six months after the execution of the will. This of course would be determined as of the date of death of the testator.

The county judge was correct in holding that the gifts in remainder to the charities vested at the death of the testator.

Having determined that the gifts were vested we turn to the question whether the county judge could properly order immediate partial distribution to the charities. The power of a court of equity to hasten the enjoyment of a trust fund in proper

cases by ordering an advancement to the beneficiary is generally recognized where no purpose is to be served by its continuance and no contingency appears which would ultimately defeat the right of the beneficiary. See Annotation, 40 A.L.R. 40-42; First National Bank of Mobile v. Walters (Ala. 1929), 125 So. 222. The county judge's court has full power to proceed by equitable principles in supervising the administration of trusts incidental to the administration of an estate and in proper cases may terminate the trust. White v. Bourne (Fla. 1942), 9 So. 2d 170.

A careful examination of Gregory's will discloses no intention on the part of the testator to delay enjoyment of the remainders to the charities for a longer period of time than necessary to let in the prior estate and to permit the executors to prepare the estate for distribution. The indicated time for distribution to the charities, i.e., one year after the death of the last survivor of the life tenants, although definite, should be construed to be directory only. The testator himself stated in the will that the distribution to the charities could be advanced by the executors—"if they shall be able to make the necessary and proper arrangements to these ends . . . ." The quoted language apparently refers to advancement during the one year period following the death of the surviving life tenant, but shows that the testator did not intend any unnecessary delay in distribution to the charities. It was the evident desire of the testator that distribution should be made to the charities as soon as it could conveniently be done, subject only to the provisions for the primary objects of his bounty, i.e., his wife and sister.

The county judge found from the testimony of the trust officer of the executor bank that the partial distribution ordered could be made immediately to the charitable organizations without inconvenience to the administration of the estate and without impairing the right of the last surviving life tenant to her legacy of $50 per month for the rest of her life. This finding is not disputed by appellants. The order is affirmed.