104 So.2d 874 (1958)
Joyce B. KOLB, Appellant,
v.
Jeanette V. LEVY, Individually, and as Executrix under the Last Will and Testament of Regina Rosenthal, Deceased, Appellee.
No. 57-179.
District Court of Appeal of Florida. Third District.
July 15, 1958.
Rehearing Denied September 29, 1958.
*875 J.M. Flowers, Miami, for appellant.
Redfearn & Ferrell and Marion Brooks, Miami, for appellee.
PEARSON, Judge.
This is an appeal from an order of the County Judges' Court of Dade County removing the appellant, Joyce B. Kolb, as co-executrix under the last will and testament of Regina Rosenthal, deceased, upon the ground of conflicting or adverse interest held by the said personal representative against the estate.
The appellant urges that the petition did not set forth a sufficient ground for removal under the Florida Statutes, inasmuch as the alleged "conflicting or adverse interest"[1] consisted only of filing a claim, which has not been judicially determined to be a valid claim. The record on appeal contains no report of the proceedings upon the petition. We find that the petition for removal contained grounds which are sufficient under the statute.
The petition for removal of co-executrix set forth the following:
"That on the 22nd day of September 1956, Joyce B. Kolb, and petitioner, Jeanette V. Levy, qualified as joint executrixes of the estate of Regina Rosenthal, deceased.
"Joyce B. Kolb has been derelict in her duties as an executrix of the estate of Regina Rosenthal, deceased, for the reasons set forth in this petition. Instead of carrying out the provisions of the will made by Regina Rosenthal, which she was legally bound to do, she has attempted to destroy its legal effect. Adverse and conflicting interest to the estate is manifested by the number of claims which she has filed in this court, which in the aggregate greatly exceeds the entire corpus of the estate.
"In the allegations made in her claims, she has charged the testatrix, Regina Rosenthal, with not only a breach of contract in her repudiation of a prior will whereby she alleges testatrix agreed to leave her the entire estate, but also with the embezzlement of $10,000.00, which she, the said Joyce B. Kolb, claims to have given to the testatrix to buy government bonds.
"On January 4, 1957, the said Joyce B. Kolb, filed her petition in this court for the return of $10,000.00 in government bonds, she claiming absolute ownership to them. The bonds, hereinabove referred to, were listed in the inventory of said estate by the said Joyce B. Kolb, as co-executrix, as belonging to said estate, and this inventory of the bonds was sworn to by the said Joyce B. Kolb.

*876 "The said Joyce B. Kolb alleged in her said petition that she gave $10,000.00 in cash to the testatrix for the express purpose of purchasing government bonds and holding them for her father, who died several years ago.
"She further alleged that the testatrix told her that she had a `note inside of the $10,000.00 folder bonds, which note definitely stated these bonds are the property of my niece, JOYCE B. KOLB.' The bonds were in the personal safety box of testatrix in the Florida National Bank and Trust Company at Miami, Florida. Later the testatrix surrendered her personal box and removed the bonds therefrom into a joint box, to which she, the said Joyce B. Kolb, and the testatrix had access. The said Joyce B. Kolb further alleged in her claim that the $10,000.00 bonds and also the "note" hereinabove referred to was seen by her.
"The said Joyce B. Kolb returned to Miami on September 25, 1956, with the body of the testatrix. While in Miami she learned, so she claims, that the testatrix had opened another safety deposit box in her own name after having surrendered the box to which she and the testatrix had access; she also claims that at that time she discovered that the bonds had been removed to the later acquired box, she discovered the "note" or memorandum indicating her ownership of the bonds was missing.
"The said Joyce B. Kolb alleges in her claim that she was the attorney for the testatrix and had handled all of her financial matters exclusively, and that the testatrix had never invested in the bonds and had never paid any federal tax on the dividends derived from them; that although the said Joyce B. Kolb had been a practicing attorney for thirty odd years in New York and had resided in New York, and the testatrix was a resident of Miami, Florida, for many years before her demise, she Joyce B. Kolb, entrusted the testatrix with $10,000.00 to buy bonds and keep them in the safe deposit box in Miami. Petitioner alleges that most of the time during the administration of this estate, the said Joyce B. Kolb has been in New York consulting attorneys and preparing claims against this estate.
"The allegations of the said Joyce B. Kolb, that she entrusted testatrix with $10,000.00 to buy government bonds; that testatrix bought them for her and put them in the box to which both had access with a "note" saying they belonged to the said Joyce B. Kolb; that the testatrix, without Joyce B. Kolb's knowledge, cancelled the box jointly used by both parties and opened another box and destroying said note, are charges of conversion against testatrix.
"After the aforesaid petition was filed in this court for the recovery of the bonds, the said Joyce B. Kolb filed an "Amended Petition to Return Bonds" in the County Judges' Court in which she attempted to explain why she had signed and verified the inventory as co-executrix by stating that the bonds were listed for tax purposes. Her petition was denied by the Honorable Frank B. Dowling on the ground that the County Judges' Court had no jurisdiction to determine title.
"Thereafter, on the 27th day of March, 1957, the said Joyce B. Kolb, filed in the Circuit Court in Dade County, Florida, a complaint in equity No. 199,817, entitled Joyce B. Kolb, plaintiff, v. Jeanette v. Levy, as co-executrix of the estate of Regina Rosenthal, deceased, the purpose of this suit being to establish ownership to the bonds hereinabove referred to. The complaint was only for the recovery of the bonds. On May 27th, 1957, the complaint was dismissed in *877 the Circuit Court of Dade County, Florida; more than sixty days have expired, and no appeal has been taken from said order of dismissal.
"After dismissal of the suit, as aforesaid, on June 4, 1957, the said Joyce B. Kolb, filed two claims in the County Judges' Court, one being for $10,000.00, in money she claimed that she advanced to Regina Rosenthal on or about April 15, 1945, and the other for money advanced for express purpose of purchasing $10,000.00 worth of Treasury bonds, negotiable; this is the same claim above mentioned on which she lost her suit in the chancery suit.
"In the last claim there is a direct charge of conversion or misappropriation of funds entrusted to the testatrix.
"Subsequently to the claims and suits hereinabove described, the said Joyce B. Kolb, on June 6, 1957, filed a claim against the estate in the amount of $125,000.00, purporting to be for legal services she rendered to the testatrix for several years prior to her death.
"On the 28th day of June, 1957, the said Joyce B. Kolb filed another claim against said estate in the amount of $350,000.00. This claim, if allowed, would have the effect of completely destroying the will of the testatrix. This claim shows more than merely an adverse interest against the estate. It is an attempt to destroy the effect of the will and it is the equivalent of a contest of the will itself. It is stated in this claim that an agreement was entered into between the testatrix and herself whereby the testatrix in consideration of services rendered to her by the said Joyce B. Kolb, she, the said testatrix, would make the said Kolb the sole beneficiary of her estate except for certain legacies.
"In said claim it is alleged that the testatrix agreed not to make another will without the said Joyce B. Kolb's express consent, that the testatrix subsequently to this purported agreement, made a will without the knowledge of the said Joyce B. Kolb which deprived the said Joyce B. Kolb of her legacy under the first will; that by reason of this alleged breach, Joyce B. Kolb claims the sum of $350,000.00. Thus she seeks not only to destroy the last will now under probate in this court and under which she is co-executrix, but she also seeks to take the entire estate on the adverse claims filed by her.
"Petitioner alleges that the above mentioned claims are totally without merit, and yet the said Joyce B. Kolb is attempting to nullify the will of the deceased by such fake claims and claim the entire estate. The petitioner alleges that the said Joyce B. Kolb should be removed as co-executrix and that she should be required to surrender all papers, documents, and other assets relating to or belonging to said estate, now in the possession, custody or control of the said Joyce B. Kolb."
The appellant presents two assignments of error, as follows: "(1) The court was without jurisdiction to determine the legal effect of the claims filed by the appellant. (2) The court erred in determining that claims filed by the appellant constituted grounds for removing her as an executrix." The gist of the argument is that the court was without jurisdiction to remove the appellant as co-executrix on the ground that she had filed claims in the estate, as such ground necessarily involves a decision by the County Judges' Court as to the merits of such claims. And that even if the County Judges' Court had jurisdiction to decide the legal effect of such claims, as distinguished from the merits thereof, nevertheless, a personal representative cannot be construed to hold a "conflicting or adverse interest" so long as he does not hold any property right of the estate in his hands as an individual.
*878 Section 734.13[2] of the Florida Statutes, F.S.A. provides proceedings whereby the county judge may remove an executor or administrator, even on his own motion. In addition it is important, we think, to note that section 734.11, supra, reads "may" instead of "must". Both sections use the word "may", which can only have the purpose of reposing in the county judge a degree of discretion in determining whether the interest of the personal representative is conflicting or adverse. It is not reasonable to hold that when the conflict in interest becomes apparent that the county judge must wait until the merits of the conflict are determined before he can act to avoid the embarrassment and delay which may follow from a situation where the personal representative is litigating against himself. In this connection see In re Stauffer's Estate, Ohio App. 1943, 57 N.E.2d 145.
The tenth ground of section 734.11, supra, pertaining to conflicting or adverse interest held by the personal representative against the estate must be construed in the same manner as any of the other grounds would be construed. For example, it would not be tenable to argue that the county judge would have no authority to remove a personal representative for "The wasting, embezzlement or other maladministration of the estate",[3] until the merits of the controversy had been settled by a conviction of any of these. The County Judges' Court is a court of equity insofar as the subjects committed by the Constitution and the Laws of Florida to its exclusive jurisdiction are concerned. See Crosby v. Burleson, 142 Fla. 443, 195 So. 202; White v. Bourne, 151 Fla. 12, 9 So.2d 170.
While it does not follow that every claim in an estate filed by a personal representative of that estate would require his removal, we are unable to say that the allegations of the petition, in this instance, did not set forth a factual situation of conflicting or adverse interest on the part of the personal representative.
We turn now to the question raised by the appellant under her second assignment of error. It is urged inasmuch as section 732.51 Fla. Stat., F.S.A., expressly provides that the appointment of a creditor as personal representative of the estate of a deceased shall not release the debt due by the decedent, and inasmuch as section 732.55, Fla. Stat., F.S.A., expressly provides that when the personal representative is interested adversely to the estate of a decedent or is enforcing a claim against such estate, the County Judges' Court shall appoint an administrator ad litem to represent the estate, then to hold that an executor can be removed because of a claim filed against the estate, would be to destroy the force of the last mentioned sections of the statute.
To state the argument is to demonstrate its weakness. The alleged conflict does not exist. Each of the cited sections are capable of proper and independent operation. The authority for removal of a personal representative is vested in the County Judges' Court by virtue of sections 734.11 and 734.13, supra. The court has a wide discretion in proceedings under these sections and is not obliged to remove a personal representative unless there is some tangible and substantial reason to believe that damage will otherwise accrue to the estate. See In re Arduser's Estate, 226 Iowa 103, 283 N.W. 879.
Sections 732.51 and 732.55, supra provide the judicial machinery for those cases *879 where the interest of the personal representative is not found to require his removal.
We find therefore that the county judge acted within his authority when he determined that it would be for the best interest of said estate that the co-executrix be removed. See Henderson v. Ewell, 111 Fla. 324, 149 So. 372; State ex rel. North v. Whitehurst, 145 Fla. 559, 1 So.2d 175; In re Weltner's Estate, 154 Fla. 292, 17 So.2d 396, 398.
Affirmed.
CARROLL, CHAS., C.J., and HORTON, J., concur.
NOTES
[1] Section 734.11, Fla. Stat., F.S.A. "Any personal representative may be removed and his letters revoked for any of the following causes, and such removal shall be in addition to, and not in lieu, of any other penalties prescribed by law:

* * * * *
"(10) Conflicting or adverse interest held by the personal representative against the estate, but this shall not apply to the widow because of electing to take dower or claiming family allowance or exemptions."
[2] Section 734.13, Fla. Stat., F.S.A. "Proceedings for removal may be instituted by the county judge of his own motion or by any creditor, legatee, devisee, heir, distributee, coexecutor, coadministrator or by any surety upon the bond of the personal representative. Such notice shall be given to the personal representative as the county judge may direct."
[3] Section 734.11(5), Fla. Stat., F.S.A.