433 So.2d 542 (1983)
In re ESTATE OF Henry EISENBERG, Deceased.
No. 82-1548.
District Court of Appeal of Florida, Fourth District.
May 4, 1983.
Rehearing Denied July 14, 1983.
*543 George L. Moxon, Fort Lauderdale, for appellant, Barbara R. Porter.
Kevin F. Kline of Kline, Moore & Klein, P.A., Miami Beach, for appellees, Judith Greenberg, Amy Schulman, and Kline, Moore & Klein, P.A.
GLICKSTEIN, Judge.
This is an appeal by a removed personal representative from that portion of an order of the trial court which charges her with an attorneys' fee in the sum of $37,500 to be paid by her to the attorneys who represented the two remaining personal representatives  her sisters. We reverse and remand for several reasons.
First, we find the award to be so excessive that it shocks the conscience of this court. The probate estate involved totally liquid assets of approximately $180,000. The attorneys originally agreed to represent all of the personal representatives in the administration of the estate for a total fee of $3,750, based upon an estimated probate estate of $150,000. In addition to the award being appealed, the attorneys wound up with an additional fee of $10,000 for their services in connection with that administration; and there has been no claim of error as to the $10,000. It is inconceivable to us that 300 hours could or should have reasonably been spent by the attorneys in any dispute with the removed personal representative; yet the trial court predicated its award by reducing a claim of 450 hours[1] attributed to the dispute, to 300 and multiplying the latter figure by $125 per hour.
Second, the trial court's award of $37,500 notwithstanding the foregoing mathematics, apparently was also intended to benefit the attorneys to the extent of $6,000 for services rendered by them in two appellate proceedings in this court  the first being the unsuccessful appeal by the removed personal representative and the second being her unsuccessful petition for writ of certiorari to review a non-final order. In both instances this court denied the motions for attorneys' fees filed by the successful personal representatives. The effect of the order now being appealed is to disregard this court's previous denial.
Third, there is a real question whether any expert opinion appears in the record as to the reasonable value of the services performed by the attorneys in connection with the removal of the personal representative, which opinion was essential. See Cohen v. Cohen, 400 So.2d 463 (Fla. 4th DCA 1981) and Lyle v. Lyle, 167 So.2d 256 (Fla. 2d DCA 1964). The expert was unable to form an opinion as to whether the 450 hours expended in connection with the dispute with the removed personal representative was high, low or appropriate. He was simply given that figure and could make no determination as to its reasonableness or unreasonableness from what he saw in the file. We find it difficult to see how an expert opinion as to reasonableness of the value of services can stand without an opinion as to the reasonableness of the time expended.
It is ironic that at oral argument it was indicated by the parties that the transcript of the hearing to remove the personal representative constituted approximately 100 pages whereas the transcript of the numerous sessions involving the attorneys' fee exceed 500 pages. Further, no time sheets or other time records were introduced into evidence by the attorneys notwithstanding the lengthy transcript; and apparently much of the testimony as to time expended was based upon reconstructed records.[2]
On remand the trial court is directed to determine what attorneys' fee would be reasonable for services rendered in connection with removal of the personal representative. In doing so it should consider the evidence taken in 1981 as the basis for the removal of the personal representative in August, 1981; and should further consider what professional services were reasonably required to effect removal because of those *544 matters found by the trial court in 1981. Any consideration should not lose sight of the size of the probate estate, the liquid nature of its assets, the original fee which the attorneys estimated and the fee heretofore awarded by the trial court. Such essential additional evidence necessary for such determination may be taken, expert and otherwise. No fee shall be awarded for services in this appeal.
There is a second issue involved in this appeal; namely, that any additional attorneys' fee ultimately awarded is to be paid by the removed personal representative. We have no quarrel with such proposition. The trial court found in 1981 that she should be removed; and the order[3] removing her, while not containing reference to specific incidents, found irreconcilable differences and animosity between the sister personal representatives, as well as that the removed personal representative:
[h]as taken individual actions on behalf of the Estate without consulting the remaining Co-Personal Representatives, which action contravened the Florida Probate Court.
We affirmed its conclusion, per curiam; the issue is at rest; and no further evidence thereon is appropriate.
DELL and WALDEN, JJ., concur.
NOTES
[1] The attorneys contended 670 hours were expended for all services rendered.
[2] Such reconstruction is not improper or inappropriate but affects the weight to be attributed to the testimony of the time expended.
[3] Citing to Henderson v. Ewell, 111 Fla. 324, 149 So. 372 (1933).