LETTS, Judge,
dissenting.
At issue is the question of whether the trial judge abused his discretion in failing to remove the deceased testator’s brother as named co-personal representative under the will because of that brother’s, objected to, personal claim filed against the estate. The trial judge refused to remove him and a majority of this panel has upheld that decision. I must respectfully dissent.
The gross value of the estate is approximately 1.3 million dollars. The surviving brother’s statement of claim is based on four promissory notes and one open account which, at the time of the judge’s order appealed, amounted to over, 0.75 million dollars including interest.
Recognizing that his claim, if successful, would consume a major portion of the estate, none of which had been left to him under the terms of the will, the surviving brother petitioned the court ex parte for the appointment of an administrator ad li-tem to “supplant the co-personal representatives ... so far as the handling of all matters ... with respect to ...” the statement of claim filed by the co-representative. This petition was granted. Thereafter, the surviving brother in his individual capacity brought suit against the estate in circuit court to perfect that claim and continued his dual role as co-representative.
Meanwhile, a petition was filed in the probate court to remove the surviving brother as co-representative, which was denied in the order now appealed. There are other aspects, allegations, pleadings, facts and circumstances (such as the attempt to remove the other co-representative) which would be necessary to provide a complete picture of the matter now before us, but they are deemed unnecessary to support the reasoning for this dissent, especially in the light of its judicial impotence.
The appellant’s principal argument in support of removal of the surviving brother as personal representative is based on section 733.504(9), Florida Statutes (1985), which provides that a personal representative “may” be removed if he has conflicting interests which “may” adversely interfere with the administration of the estate. As the surviving widow sees it, a claim of such enormous size effectively destroys the testamentary scheme (which left all of the estate to the surviving widow and children) and that it was either necessary under the statute to remove him, or, alternatively, an abuse of discretion not to remove him.
There is a paucity of Florida cases on this particular subject, so much so that both sides rely on Kolb v. Levy, 104 So.2d 874 (Fla. 3d DCA 1958), cert. denied, 108 So.2d 48 (Fla.1958) to support their position. The trial judge in the instant case likewise relied heavily on Kolb from which two salient holdings emerge. First, the filing of an individual claim against an estate by a personal representative does not automatically require removal. It is suggested by the facts in that case that the relative size of the claim is not material even though the claim before us now will consume approximately two-thirds of the corpus. Second, Kolb teaches that the trial judge has “wide discretion” and “is not obliged to remove a personal representative unless there is some tangible and substantial reason to believe that damage will otherwise accrue to the estate.” Id. 878. At first blush, one might presume such damage because the instant claim will denude the estate and largely thwart the testamentary scheme. However, in the case at bar, the will directs the co-representatives to pay all just debts and the testator appointed his sibling creditor to be one of those representatives after signing the particular promissory note which constitutes the bulk of the claim.
It is true that the holding in Kolb upheld the removal of the personal representative and indeed I am positive this panel would have unanimously upheld the probate judge in this case had he done likewise. However, neither section 733.504(9) nor Kolb mandates removal under the facts stated *855 above. Accordingly, without more I would have reluctantly voted to affirm.
Having laboriously recounted all of the foregoing, I arrive at last to the additional circumstance that triggers my dissent. THE ADMINISTRATOR AD LITEM TIMELY OBJECTED TO THE CLAIM. True, the record so far does not reveal why the objection was lodged, and it may well later prove to be groundless. Nevertheless, that current objection, coupled with the obviously adverse impact on the testamentary scheme, created a built in conflict of interest which required the brother to step down as co-personal representative, or withdraw his claim, notwithstanding the appointment of an administrator ad litem. The appointment of such an administrator, laudable though it may have been for the co-representative himself to seek it, is no panacea. This being so, the probate judge abused his discretion, however wide, in denying the petition for removal.